warrant one hundred and twelve dollars in cash. That he procured this money from Joseph and William Curl, to whom he gave his note. That he borrowed from them one hundred or one hundred and fifty dollars. The warrant, he said, he purchased from Oliver Ward, of White county. Afterwards alleged he had bought it of his brother John Keene. Said he had seven or eight of them. Where a party is found in possession of stolen property clearly identified, it is incumbent on him to show how he acquired the property. This is no hardship, as an honest dealer must always be able to show, especially where the property is peculiar, of whom he obtained it. And if he fail to do this, the presumption of his guilt is greatly strengthened.

The ground assumed in the defense, that the place where the offense is alleged to have been committed, has not been proved, is entitled, it would seem, to but little consideration. It is alleged and proved that the letter containing the land warrant was mailed at Fairfield. directed to Mr. Wilson, of Shawneetown. Now, if you are able to say, from the proof, that this mail route was in the state of Illinois, it is sufficient to support the charge. If you have reasonable doubts of the guilt of the accused, you will acquit the defendant; and if, on the contrary, you find in your minds no such doubts, you will find the defendant guilty.

The jury returned a verdict, that the defendant was guilty.

## Case No. 15,513.

UNITED STATES v. KELLERMAN.

[See Case No. 13,846.]

## Case No. 15,514.

UNITED STATES v. KELLY.

[3 Sawy. 566.] [1]

Circuit Court. D. Nevada. March 22, 1876.

MAILING QUACK MEDICAL ADVERTISEMENTS — INDICTMENT.

1. Knowingly depositing in the United States mail by the publisher, a newspaper. containing a quack medical advertisement giving information, how and where, articles for the production of abortion and prevention of conception could be obtained. held, to be a violation of section 3893 of the Revised Statutes of the United States.

2. Such advertisement as published in the defendant's paper, and set out in the statement of the case, held, to give information how, where, and of whom, articles designed to produce abortion, and for the prevention of conception could be procured.

3. It is not necessary that the advertisement should indicate. or the indictment allege, any particular article or thing or its properties.

4. The statute forbids the use of the mails for carrying any advertisement giving information where articles designed for producing abortions and the prevention of conception can be obtained or made: the indictment charged in the conjunctive "obtained and made," and it was held good. and that proof of either would be sufficient.

The defendant [E. D. Kelly], the publisher of a newspaper, was indicted under section 3893 of the United States Revised Statutes, for knowingly mailing a newspaper containing an advertisement giving information where, how, and of whom, articles and things designed for the procuring of abortion and the prevention of conception could be obtained and made. The advertisement was set out in the indictment. It purports to be that of one Doctor W. K. Dougherty. It gives his name, the location and number of his office, and then says: "Established especially to afford the afflicted sound and scientific medical aid in the treatment and cure of all private and chronic diseases, cases of secrecy, and all sexual disorders." After enumerating a number of sexual diseases, he says that "all parties consulting him by letter or otherwise, will receive the best and gentlest treatment and implicit secrecy." Under the heading "To Females," he says:, "When a female is in trouble, or afflicted with any of the diseases peculiar to her sex, she should go or write at once to the celebrated female doctor, W. K. Dougherty, at his medical institute, and consult him about her trouble and diseases. All married ladies, whose delicate health or other circumstances prevent an increase in their families, should write or call at W. K. Dougherty's medical institute, and they will receive every possible relief and help. The doctor's offices, consisting of a suite of six rooms, are so arranged that he can be consulted without fear of observation. To correspondents, patients (male or female) residing in any part of the state, however distant, who may desire the advice and opinion of Doctor Dougherty in their respective cases, and who think proper to submit a written statement of such in preference to holding a personal interview, are respectfully assured that their communications will be held most sacred and confidential. If the case be fully and candidly described. personal communication will be unnecessary, as instructions for diet, regimen, and the general treatment of the case (including the remedies), will be forwarded without delay. and in such manner as to convey no idea of the purport of the letter or parcel so transmitted." The defendant demurred to the indictment upon the ground that this advertisement did not contain any of the forbidden matters. and upon other grounds stated in the opinion.

Charles S. Varian, U. S. Atty.
Robert M. Clarke, for defendant.

SAWYER. Circuit Judge. We think, upon examination. that there can be no doubt as to what anybody would understand from this advertisement. In it the doctor has particularly included and pointed out all diseases,

[1] [Reported by L. S B. Sawyer, Esq., and here reprinted by permission.]